IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON GREENSPAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:21-cv-01968 (TNM) |
| v. ) | |
| ) | |
| BOARD OF GOVERNORS OF THE ) | |
| FEDERAL RESERVE SYSTEM, ) | |
| ) | |
| Defendant. ) | |

**<u>PLAINTIFF'S COMBINED MEMORANDUM IN SUPPORT OF HIS CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Matthew Topic, DC Bar No. IL0037
Josh Loevy, DC Bar No. IL0105
Merrick Wayne, DC Bar No. IL0058
Shelley Geiszler, DC Bar No. IL0087
(E-Mail:  foia@loevy.com)
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902

Deborah M. Golden, DC Bar No. 470578
The Law Office of Deborah M. Golden
700 Pennsylvania Ave, SE, 2nd Floor
Washington, DC 20003
(202) 630-0332
dgolden@debgoldenlaw.com

## TABLE OF CONTENTS

I. BACKGROUND ...................................................................................................................1

II. LEGAL STANDARDS .......................................................................................................1

III. ARGUMENT........................................................................................................................2

    A. The government has not proven certain of its Exemption 5 claims ..............................2

    B. The government has not proven its Exemption 4 claims................................................5

IV. CONCLUSION ....................................................................................................................6

# **TABLE OF AUTHORITIES**

*Cases*

*ACLU v. DOD*, 628 F.3d 612 (D.C. Cir. 2011) ...............................................................................1

*Ctr. for Investigative Reporting v. CBP*, 436 F. Supp. 3d 90 (D.D.C. 2019) ............................2, 4

*Elec. Frontier Found. v. DOJ*, 826 F. Supp. 2d 157 (D.D.C. 2011) .................................................4

*Judicial Watch v. USPS*, 297 F. Supp. 2d 252 (D.D.C. 2004) .........................................................2

*King v. DOJ*, 830 F.2d 210 (D.C. Cir. 1987)

*Morley v. CIA*, 508 F.3d 1108 (D.C. Cir. 2007) ..............................................................................1

*Muttitt v. Dep't of State*, 926 F. Supp. 2d 284 (D.D.C. 2013) ..........................................................4

*Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101 (D.D.C. 2013) ..................................................2

*NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975) .....................................................................2

*Paisley v. CIA*, 712 F.2d 686 (D.C. Cir. 1983) ................................................................................2

*Reps. Comm. for Freedom of the Press v. CBP*, No. 1:18-CV-00155 (TNM),
2021 WL 4843970 (D.D.C. Oct. 18, 2021) ...........................................................................1, 2, 4

*Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350 (D.C. Cir. 2021) .............................2, 5

*Trea Senior Citizens League v. Dep't of State*, 923 F. Supp. 2d 55 (D.D.C. 2013) .........................2

An agency cannot support its deliberative process claims without sufficient details about the claimed deliberations and the role of the specific records in the process. Moreover, in response to abuses of this exemption, Congress passed the 2016 FOIA amendments to also require a concrete and context-specific showing of foreseeable harm to an exemption-protected interest from release of the particular material. The government has not met either of those showings for certain of the records withheld, and for others, its Exemption 4 affidavit contains a discrepancy undermining the claimed confidentiality of the material. As such, the government has failed to meet its burden as to the records challenged in this motion and the Court should order that material released.

## I.     BACKGROUND

Plaintiff requested certain emails and text messages of Jerome Powell, Chair of the Board of Governors of the Federal Reserve System. Def. SOF, ECF No. 11-2, ¶¶ 1-3, 5, 6. The government has withheld or redacted a number of those records based on deliberative process under Exemption 5 and/or under Exemption 4. *Id.* at ¶¶ 10, 17.

## II.     LEGAL STANDARDS

In a FOIA case, the government bears the burden of proving its exemption claims, and district courts review those claims *de novo. E.g., ACLU v. DOD*, 628 F.3d 612, 619 (D.C. Cir. 2011); *King v. DOJ*, 830 F.2d 210, 217 (D.C. Cir. 1987); *Reps. Comm. for Freedom of the Press v. CBP*, No. 1:18-CV-00155 (TNM), 2021 WL 4843970, at *2 (D.D.C. Oct. 18, 2021), appeal dismissed, No. 21-5293, 2022 WL 801357 (D.C. Cir. Mar. 15, 2022). "Conclusory and generalized allegations of exemptions are unacceptable." *Morley v. CIA*, 508 F.3d 1108, 1115 (D.C. Cir. 2007). Unless the asserted exemption prohibits release, the government must also prove a concrete and context-specific foreseeable harm from release of the information to an exemption-

protected interest.  *Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 369-70 (D.C. Cir. 2021); *Reps. Comm.*, 2021 WL 4843970, at *3.

### III. ARGUMENT

**A.  The government has not proven certain of its Exemption 5 claims.**

The deliberative process privilege under Exemption 5 "shields from disclosure the advisory opinions, recommendations, and deliberations that comprise some part of a process through which the agency formulates decisions and policies." *Reps. Comm.*, 2021 WL 4843970, at *4; *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975).  The government must "pinpoint" an agency decision or policy to which the document contributed, and explain how.  *Paisley v. CIA*, 712 F.2d 686, 698 (D.C. Cir. 1983); *Ctr. for Investigative Reporting v. CBP*, 436 F. Supp. 3d 90, 101 (D.D.C. 2019); *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 189 (D.D.C. 2013).  It cannot prevail through a "broad and opaque description of the deliberative process involved," but must instead provide sufficient detail about the deliberations.  *Trea Senior Citizens League v. Dep't of State*, 923 F. Supp. 2d 55, 68 (D.D.C. 2013); *Judicial Watch v. USPS*, 297 F. Supp. 2d 252, 260 (D.D.C. 2004)).

Many of the government's descriptions of the alleged deliberations fail to meet these standards because they fail to pinpoint the particular decisions or policies being deliberated or lack the required level of specificity for adversarial testing:

    1.    FRB_FOIA F-2021-128 000510-514 (internal, pre-decisional FRS email to Chair Powell attaching FRS staff analysis in preparation for discussion prior to upcoming FOMC meeting) (Bomfim Decl. ¶ 15)

    2.    FRB_FOIA F-2021-132 000519-520 (internal, pre-decisional email and attachment among high-level FRS staff, Chair Powell and Board members relating to preparation of FOMC transcript) (Bomfim Decl. ¶ 16)

    3.    FRB_FOIA F-2021-132 000649-654 (internal, pre-decisional emails between Chair Powell and a Board member discussing attachments relating to upcoming FOMC matters) (Bomfim Decl. ¶ 16)

4. FRB_FOIA F-2021-132 000671-674 (internal, pre-decisional email between Chair Powell and a Board member discussing ongoing FOMC matters) (Bomfim Decl. ¶ 16)

5. FRB_FOIA F-2021-128 000019-20 (internal, pre-decisional deliberative email between then-Governor Powell and a high-level FRS staff member commenting on issues relating to monetary policy) (Bomfim Decl. ¶ 17)

6. FRB_FOIA F-2021-128 000269-270 (internal, pre-decisional deliberative email between Chair Powell, a Board member, and a high-level FRS staff member commenting on non-public proprietary analysis submitted by Tudor Investment Corp.) (Bomfim Decl. ¶ 17)

7. FRB_FOIA F-2021-132 000014-15 (pre-decisional, deliberative email string between former Board staff member Fabio Natalucci, now of the IMF, in his role as a consultant to the Board regarding economic matters, and then-Governor Powell) (Bomfim Decl. ¶ 18)

8. FRB_FOIA F-2021-132 000407-412 (internal, pre-decisional email and attachment among Chair Powell and high-level FRS staff members discussing quantitative easing) (Bomfim Decl. ¶ 18)

9. FRB_FOIA F-2021-132 000428-433, 439-442, 443-445 (internal, pre-decisional email chains among high-level FRS staff members, Chair Powell and Board members regarding recent financial market developments and market volatility) (Bomfim Decl. ¶ 18)

10. FRB_FOIA F-2021-132 000468-469 (internal, pre-decisional email chain between Chair Powell and a Board member discussing market color) (Bomfim Decl. ¶ 18)

11. FRB_FOIA F-2021-132 000449-451, 470-474 (internal, pre-decisional email chain among Chair Powell and high-level FRS staff members regarding yield curve control) (Bomfim Decl. ¶ 18)

12. FRB_FOIA F-2021-132 000672-675 (internal, pre-decisional deliberative email and attachment between Chair Powell and a Board member commenting on attached non-public proprietary analysis provided by MacroPolicy Perspectives LLC) (Bomfim Decl. ¶ 18)

13. FRB_FOIA F-2021-128 000982-988, FRB_FOIA F-2021-132 000460-463, FRB_FOIA F-2021-132 000523-525, FRB_FOIA F-2021-132 000614-615, FRB_FOIA F-2021-132 000640-641, FRB_FOIA F-2021-132 000647-648, FRB_FOIA F-2021-132 000676-683 (emails and attachment from Board staff in IF to Chair Powell and Board members, copying FRS staff, attaching IF International Meetings Weekly News) (Wilson Decl. ¶¶ 20-21)

14. FRB FOIA F-2021-132 000059-60 (internal, pre-decisional email and attachment from Chair Powell to an FRS staff member attaching document regarding financial market uncertainty) (Wilson Decl. ¶ 22)

15. FRB_FOIA F-2021-128 000015-18, 21-25 (internal, pre-decisional FRS email chains among Chair Powell and high-level FRS staff members commenting on the interaction between financial stability and monetary policy in the coming year, and the market outlook, and responding to comments) (Lehnert Decl. ¶ 11)

16. FRB_FOIA F-2021-128 000249-251, 405 (internal, pre-decisional email and an attachment between an FRS staff member and Chair Powell responding to Chair Powell's questions regarding economic conditions, and a comment from Chair Powell to the staff member regarding economic conditions) (Lehnert Decl. ¶ 11)

17. FRB_FOIA F-2021-128 000515-517 (internal, pre-decisional email and attachment from FRS staff to Chair Powell attaching staff analysis of issues potentially affecting low interest rates and financial stability) (Lehnert Decl. ¶ 11)

18. FRB_FOIA F-2021-128 000909-10 (internal, pre-decisional emails and attachment between FRS staff and Chair Powell providing key takeaways on market conditions following recent conversations with market participants) (Lehnert Decl. ¶ 11)

19. FRB_FOIA F-2021-128 000938 (internal, pre-decisional email chain among FRS staff and Chair Powell regarding stock market bubble) (Lehnert Decl. ¶ 11)

20. FRB_FOIA F-2021-128 000939-940 (internal FRS email and attachment preparing Chair Powell for upcoming call with member of the Senate). (Smith Decl. ¶ 17)

These descriptions are like others this Court has found inadequate. *Reps. Comm.*, 2021 WL 4843970, at **5-6 ("an investigative report regarding the emails released on Twitter"; "discussions within the presentation on matters of policy regarding the enforcement of summonses"; "memorandum prepared for leadership as a summary of circumstances that led for issuance of [the] Twitter Summons"); *see also Ctr. for Investigative Reporting.*, 436 F. Supp. 3d at 101-02 ("administering the evolving and ongoing border wall contracting, procurement, and construction process"); *Muttitt v. Dep't of State*, 926 F. Supp. 2d 284, 306-07 (D.D.C. 2013) ("e-mail exchange 'between two U.S. government agencies' that 'contains deliberative and pre-decisional comments between two U.S. government agencies on a specific and contentious aspect of the technical service agreements negotiations'"; "'e-mail chain within the Department of State' that 'contain[s] discussion of various aspects, including legal aspects, of U.S.-Iraq negotiations of [TSCs]'"); *Elec. Frontier Found. v. DOJ*, 826 F. Supp. 2d 157, 167-70 (D.D.C. 2011) ("[e]-mail messages in which DOJ senior officials solicit and receive advice and discuss questions, developments, and potential ramifications, concerning the HLCG deliberations"; "[e]-mail messages . . . discussing issues

raised by a meeting between U.S. and EU representatives on HLCG information sharing principles"; "U.S. HLCG discussions/recommendations about briefing/advising senior level [DOJ] officials . . . about HLCG deliberations in preparation for various meetings").

Other entries fail because they discuss prior meetings, or state only that the discussions were "in advance" of an upcoming FOMC meeting or call, not in "preparation" for one as stated for other records, *see e.g.* Bomfim Decl. at ¶ 15 (FRB_FOIA F-2021-128 000412-420), thus merely and inadequately placing them prior in time to those events:

21. FRB_FOIA F-2021-128 000749-751 (internal, pre-decisional FRS emails between FRS staff and Chair Powell discussing staff analysis of updated covid data in advance of FOMC meeting) (Bomfim Decl. ¶ 15)

22. FRB_FOIA F-2021-132 000010-13 (internal, pre-decisional FRS email chain among then-Governor Powell, then-Chair Janet Yellen, the President of the FRBNY, and high-level FRS staff discussing monetary policy issues in advance of an upcoming FOMC call) (Bomfim Decl. ¶ 16)

23. FRB_FOIA F-2021-132 000016-19 (internal, pre-decisional FRS email chain among Chair Powell and high-level FRS staff discussing recent market volatility in advance of upcoming FOMC meeting) (Bomfim Decl. ¶ 16)

24. FRB_FOIA F-2021-132 000003-009 (internal, pre-decisional FRS email and attachment from FRS staff to Chair Powell and high-level FRS staff members providing staff analyses regarding policy-relevant discussions at a recent meeting) (Wilson Decl. ¶ 22)

Because these entries are insufficient even to meet the elements of the government's deliberative process claims, they also fail to provide a concrete and context-specific demonstration of a foreseeable harm as required by the 2016 amendments. *See Reps. Comm.*, 3 F.4th at 369-70. The Court should reject these exemption claims and order these records released.

B. **The government has not proven its Exemption 4 claims.**

The government also argues that all of the material withheld under Exemption 4 is "confidential," as required under the government's Exemption 4 claim. Def. Memo., ECF No. 11-1, at 39-40. While the government contends that Tudor "customarily and actually" treats this

material as confidential, Tudor's declaration concedes that "there are occasions on which Tudor choses to disclose macroeconomic views to its investors and/or the public." Eckhardt Decl., ECF No. 11-9, at ¶ 12.  Yet neither the government nor Tudor explain what these "occasions" are or whether the information withheld here has been made publicly available or is of the sort that Tudor has previously disclosed.  Nor do they explain how release of the information withheld here would cause a foreseeable harm while the public release of the information mentioned in the declaration has not.  As such, the government has not proven that this specific material is "confidential" or any foreseeable harm from its release.

## IV.     CONCLUSION

Because the government has not met its burden as to certain of its Exemption 4 and 5 claims, the Court should deny the government's summary judgment motion for those records, grant Plaintiff summary judgment for those records, and order those records released.

Dated:  May 5, 2022

RESPECTFULLY SUBMITTED,

/s/ *Matthew V. Topic*

_____

Attorneys for Plaintiff

Matthew Topic, DC Bar No. IL0037
Josh Loevy, DC Bar No. IL0105
Merrick Wayne, DC Bar No. IL0058
Shelley Geiszler, DC Bar No. IL0087
(E-Mail:  foia@loevy.com)
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902

Deborah M. Golden, DC Bar No. 470578
The Law Office of Deborah M. Golden
700 Pennsylvania Ave, SE, 2nd Floor
Washington, DC 20003
(202) 630-0332
dgolden@debgoldenlaw.com